IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SARA MUÑOZ-MELÉNDEZ,<br>**Plaintiff**<br><br>v.<br><br>DILLARD-LEWIS, INC.,<br>**Defendant** | **CIVIL NO.** 25-1367 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff Sara Muñoz-Meléndez ("Muñoz-Meléndez" or "Plaintiff")'s *Motion to Remand* ("*Motion*"), (Docket No. 14), and Defendant Dillard-Lewis, Inc. ("Dillard-Lewis" or "Defendant")'s *Opposition to Motion to Remand* ("*Opposition*"). (Docket No. 22). Having reviewed these filings, the record, and the applicable law, the Court hereby **DENIES** Plaintiff's *Motion*.

### I. BACKGROUND

On June 12, 2025, Plaintiff filed a *Complaint* in the Puerto Rico Court of First Instance against Dillard-Lewis. (Docket No. 19-1). Plaintiff claims that Dillard-Lewis unlawfully terminated her employment after many years of service, capping off a pattern of discrimination and harassment by Dillard-Lewis employees based on Plaintiff's age, race, and gender. Id. at 3-6. Among these

allegations was the claim that Plaintiff was treated disrespectfully, disobeyed by inferiors, and sworn at in text messages. Id. at 4. Plaintiff based her claims on several Puerto Rico laws, including Acts 80, 100, and 115, as well as the federal Age Discrimination in Employment Act ("ADEA"). Id. Plaintiff alleged that she suffered through a hostile work environment, was given unequal pay despite her superior work performance, and subjected to retaliatory termination for complaining about the discrimination she faced. Id.

Dillard-Lewis filed a *Notice of Removal* on July 11, 2025. (Docket No. 1). Therein, Dillard-Lewis posits that this Court had subject-matter jurisdiction over the present litigation because: (a) Dillard-Lewis and Plaintiff are citizens of different states, (b) the *Complaint* expressly pled claims under the federal ADEA, and (c) supplemental jurisdiction permitted the Court to hear Plaintiff's Puerto Rico law claims. Id. at 3-7.

On August 6, 2025, Plaintiff filed a *Motion for Remand*. (Docket No. 14). Plaintiff contends that removal is improper because her claims are ultimately anchored in Puerto Rico labor laws, which afford her expedited justice and pro-employee procedural protections. Id. at 2-3. Plaintiff states that her federal ADEA claim is subsidiary to the counts based in Commonwealth law, and that she planned to withdraw her ADEA claim by amending the *Complaint*. Id. at 5.

On August 20, 2025, Dillard-Lewis filed its *Opposition to Motion to Remand* ("*Opposition*"). (Docket No. 22). Dillard-Lewis argues that remand is improper for two reasons: (a) because the Court continues to possess federal-question jurisdiction since Plaintiff had, at that point, not yet amended her *Complaint* to drop the ADEA claim, and (b) because the Court continues to possess diversity jurisdiction. Id. at 2-8.

On November 12, 2025, Plaintiff filed the promised *Amended Complaint*, dropping her ADEA-based allegations and proceeding solely on causes of action arising under Puerto Rico law, including Acts 80, 100, and 115. (Docket No. 35).

## II. APPLICABLE LAW

### A. Removal

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc.,

641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).

If the propriety of a removal petition is questioned, "**the removing party bears the burden of showing that removal is proper**." Id. (citing Danca v. Priv. Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999)) (emphasis added).

### B. Complete Diversity

Federal district courts have original jurisdiction over civil actions involving controversies between citizens of different states. See U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332. Pursuant to the federal removal statute, the diversity of citizenship between the parties "must be complete; that is, no plaintiff may be a citizen of the same state as any defendant." BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023) (citations omitted).

### C. Citizenship

"Key to establishing diversity jurisdiction are the citizenships of the parties before the court." BRT Mgmt. LLC, 68 F.4th at 695. For purposes of diversity, "[n]atural persons are citizens of the state in which they are domiciled." Id. An individual's domicile "is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (quotation

omitted). A corporation, meanwhile, is a citizen of its state of incorporation **and** its principal place of business. *See* Vitalife Inc. v. Keller Med., Inc., 2021 WL 424222, at *2 (D.P.R. 2021); 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

### III. DISCUSSION

As Dillard-Lewis has repeatedly pointed out, Plaintiff has not contradicted Dillard-Lewis' assertion that complete diversity exists; nor has she contested any facts related to party citizenship or the amount in controversy. (Docket Nos. 1 at 6-7, 22 at 2-3, 42-1 at 2, 5). Therefore, the Court deems the facts detailed below to be uncontested.

**A. Plaintiff is a citizen of Puerto Rico**

For purposes of diversity, "[n]atural persons are citizens of the state in which they are domiciled." BRT Mgmt. LLC, 68 F.4th at 695. Puerto Rico is treated as a state for diversity analyses. *See* 28 U.S.C. § 1332(e) ("the word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico"). Plaintiff acknowledges in her *Amended Complaint* that she is a resident of Coamo, Puerto Rico. (Docket No. 35 at 1). In other filings, she similarly admits that

it is an "unequivocal fact that she is a resident of Puerto Rico." (Docket No. 41 at 5).

Moreover, Dillard-Lewis avers that Plaintiff is a domiciliary of Coamo, Puerto Rico. (Docket Nos. 1 at 7, 22 at 2). Nowhere does Plaintiff contradict this averment. Plaintiff's most germane statement in the record as to her domicile is her aforementioned admission that she resides in Puerto Rico. (Docket No. 35 at 1). Residence is not the same as domicile for purposes of determining citizenship. *See, e.g.*, Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) ("the relevant standard is 'citizenship,' *i.e.*, 'domicile,' not mere residence; a party may reside in more than one state but can be domiciled, for diversity purposes, in only one"). Nevertheless, Plaintiff's failure to contradict Dillard-Lewis as to her domicile, coupled with the fact that Plaintiff's factual allegations center in part around her decision to move back to Puerto Rico and accept a remote position, *see, e.g.*, (Docket No. 35 at 3-4), suggests that there is no real dispute as to where Plaintiff is domiciled.

Hence, Plaintiff is a citizen of Puerto Rico for the purposes of diversity jurisdiction.

**B. Dillard-Lewis is a citizen of North Carolina**

A corporation's citizenship is determined by its state of incorporation and its principal place of business. *See* Vitalife Inc., 2021 WL 424222, at *2; 28 U.S.C. § 1332(c). Dillard-Lewis

avers that its state of incorporation and principal place of business are both in North Carolina. (Docket Nos. 1 at 6, 22 at 2). It incudes a statement under penalty of perjury from its Vice President, Steven Hester, which attests to these facts. (Docket No. 1-1 at 2).

While some of Plaintiff's filings allege that Dillard-Lewis is permitted to do business in Puerto Rico, maintains a permanent commercial operation in Puerto Rico, and is organized under the laws of the Commonwealth, Plaintiff does not contest the facts that Dillard-Lewis is incorporated in North Carolina and that its principal place of business is there. (Docket Nos. 35 at 2, 41 at 7-8). In fact, in the *Amended Complaint*, Plaintiff acknowledges that Dillard-Lewis is a "foreign corporation." (Docket No. 35 at 2).

Hence, Dillard-Lewis is a citizen of North Carolina for the purposes of diversity jurisdiction.

### C. The amount in controversy exceeds $75,000

Plaintiff's *Amended Complaint* references several sources of alleged damages that together constitute the amount in controversy. Id. at 9-12. Plaintiff claims that she is entitled to six months' salary, totaling nearly $42,000, and three weeks of salary for each year of service, totaling over $58,000, under Puerto Rico law. Id. at 9-10. She separately alleges that "for having been a victim of retaliation, [she] is entitled to

compensation in the amount of not less than $250,000.00, an amount that must be paid twice [and] for having been discriminated against based on age, she is entitled to compensation in the estimated amount of $200,000.00." Id. at 11-12.

Hence, it is facially apparent from the *Amended Complaint* that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

The record reflects that Plaintiff is a citizen of Puerto Rico, Defendant is a citizen of North Carolina, and the amount in controversy exceeds $75,000. Hence, complete diversity exists between the parties and the Court possesses original jurisdiction over the present action. The Court **DENIES** Plaintiff's *Motion to Remand* at Docket No. 14.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 9th day of January 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge